UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Nos. 1:19-cr-017 |
| | ) | 1:21-cr-051 |
| vs. | ) | |
| | ) | |
| Taylor Myrick, | ) | **SENTENCING MEMORANDUM** |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

Ms. Myrick is being sentenced on both the petition for revocation of supervised release in Case No. l:19-cr-017 and on the indictment in Case No. 1:21-cr-051. On March 8, 2021, a revocation petition was filed in Case No. 1:19-cr-017. The petition alleged Myrick failed: to abstain from the use of drugs, to submit to drug/alcohol screening, and to participate in a drug/alcohol dependency program. On April 7, 2021, a five-count superseding indictment was filed with the United States District Court, District of North Dakota in Cr. No. 1:21-cr-051, charging Defendant Taylor Myrick with violations involving distribution of Oxycodone and fentanyl. Ms. Myrick was charged in count 1. On May 4, 2021, Ms. Myrick was taken into federal custody and appeared before the Magistrate Judge for an initial appearance on the revocation proceeding and an arraignment on the indictment. She entered pleas of not guilty to the charges. A second superseding indictment was filed which had no impact on Ms. Myrick. Ms. Myrick was detained pending trial and has been in federal custody since May 4, 2021. On October 13, 2020, Ms. Myrick entered a plea of guilty to Count One of the indictment pursuant to a written plea agreement and indicated her intention to admit the violations of supervised release contained in the March 8th petition. The matters were scheduled for sentencing on January 18, 2022.

Based upon her plea of guilty, Ms. Myrick participated in a presentence interview and cooperated in the completion of a presentence investigation report (PSIR).  According to the draft of the PSIR, Ms. Myrick's federal sentencing guidelines calculation included an Adjusted Offense Level of 12.  Following a two-level reduction for acceptance of responsibility, Ms. Myrick's Total Offense Level was calculated to be 10.  Based upon a criminal history category of III, the advisory sentencing range was 10 to 16 months.  Ms. Myrick is requesting, and the United States has contemplated, a two-point reduction to the adjusted offense level under the First Step Act of 2018 and in anticipated amendments to the United States Sentencing Guidelines regarding the criteria for safety-valve qualifications. With the two-point reduction applied, the total offense level is 8 and the advisory sentencing range is 6 to 12 months. The recommended sentence in the revocation matter in Case No. 1:19-cr-017 is 3-9 months, based upon Grade C violations and a criminal history category of I. The United States is recommending an upward variance on the revocation matter to 18 months and is recommending that the two sentences run consecutively.

## APPLICABLE LAW

Congress gave specific directions to sentencing judges as part of the Sentencing Reform Act of 1984 (SRA).  The most critical instruction to sentencing judges included "an overarching provision instructing district courts to 'impose a sentence sufficient, but no greater than necessary,' to accomplish the goals of sentencing." *Kimbrough v. United States*, 128 S. Ct. 558, 570 (2007). The Supreme Court in *United States v. Booker*, 543 U.S. 220, 259 (2005), removed portions of the SRA that had previously limited courts' ability to sentence outside the guidelines range except in extraordinary circumstances.  The *Booker* Court also reiterated that 18 U.S.C. § 3553(a) provided the remaining criteria for determining a sentence in a given case.  As a result, it is a judge's job to evaluate whether a guidelines range in a given case best complies with the statute.  Unlike

sentencing policies enacted by the legislature for general application, "[i]t has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Gall v. United States*, 552 U.S. 38, 52 (2007) (citing *Koon v. United States*, 518 U.S. 81, 113 (1996)).

Sentencing judges must consider the factors set forth pursuant to 18 U.S.C. § 3553(a)(1) and (3)-(7). Judges must consider the guidelines in order to obtain from them the benefit of any advice they may offer for how to achieve the goals of the statute, but consideration of the guidelines does not end the matter and there can be no thumb on the scales for the guidelines. *Gall*, 552 U.S. at 59; *Kimbrough*, 128 S. Ct. at 564, 570.

**ARGUMENT**

Under 18 U.S.C. § 3584, "a district court has the discretion to impose a sentence concurrently or consecutively based on the same § 3553(a) factors as other sentencing decisions." In this case, the United States' recommendation of an upward variance to 18 months, and also that the sentence run consecutively to the sentence imposed in the instant offense is greater than necessary under § 3553. Ms. Myrick has been in custody for nearly 8 months, and during that time, has had no violations and has led recovery groups in the various facilities in which she has been detained. She has also secured a spot in the intensive outpatient treatment program at Good Road Recovery Facility in Bismarck and a bed at Inaani, an affiliated long-term sober living facility, both of which are available to her within 24 hours of being released from federal custody. As the submitted letters of support indicate, Ms. Myrick's family wishes for her to be released to treatment so that she may return to caring for her children as soon as possible. Ms. Myrick understands the consequences of any further criminal activity and knows that her compliance with treatment is

absolutely essential. Ms. Myrick argues that a sentence of time served, with conditions of release that she attend intensive outpatient treatment and reside in a sober living facility for as long as required by her probation officer or treatment team, is a more appropriate sentence under §3553(a). Having served 8 months already, Ms. Myrick has nearly completed a sentence that would encompass consecutive low-end sentences of both her revocation and of the instant offense. A sentence of time served is also within the recommended sentencing range for her instant offense and for her revocation. If she was sentenced to 6 months in this matter and 3 in the revocation matter, that totals 9 months. Ms. Myrick has more or less completed a reasonable sentence for her crimes under the USSG, and therefore requests that she be sentenced to time served and treatment/sober living to follow.

Dated this 17th day of January, 2022.

Respectfully Submitted,

SAMBOR GOETZ LLP

By: */s/ Christina A. Sambor*
Christina A. Sambor (#06648)
1400 43rd Ave. NE, Suite 220
Bismarck, ND 58503
(701) 354-3375
christina@sgndlaw.com
Attorneys for Defendant Taylor Myrick